UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
19-cr-20410-MOORE

UNITED STATES OF AMERICA,

    Plaintiff

vs.

REESE IRA CLARKE,

    Defendant.

                                    /

## **REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

This cause has been referred to the undersigned to take all necessary and proper action as required with respect to any violations of Supervised Release as to Defendant Reese Ira Clarke (ECF No. 55).

Upon referral from District Court Judge K. Michael Moore, the matter was set for status conference for the purpose of scheduling an evidentiary hearing on the violations (ECF No. 56). A telephone status conference was conducted on September 16, 2022 and was attended by counsel for Defendant and U.S. Probation Officer Jennifer Darden.  Before the hearing, Defendant filed a Notice that represented that Defendant Clarke intended to admit to two of the violations of conditions of supervised release (ECF No. 59). At the hearing, Officer Darden clarified, and defense counsel confirmed, that Defendant intends to admit to violation Nos. 1 and 4, and the government and U.S. Probation will ask the Court to dismiss violation Nos. 2 and 3.[1] Accordingly, no evidentiary hearing is warranted for the purpose of determining probable cause.

---

[1] Defendant's filed Notice of Intent to Admit mistakenly represents that Defendant intends to admit to violation Nos. 1 and 3.

Upon consideration of the Petition, Defendant's Notice and with the benefit of the hearing, it is the recommendation of the undersigned that the Court set the matter for final hearing and accept Defendant's admission of guilt of the Supervised Release Violation Nos. 1 and 4 as charged in the Petition (ECF No. 46).

The parties will have fourteen days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 16th day of September, 2022.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc: The Honorable K. Michael Moore
    Counsel of record